# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7813 | **DATE** | 8/23/2002 |
| **CASE TITLE** | AON RISK SERVICES, INC. OF ILLINOIS vs. ALAN M. SHETZER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to bar documents after the discovery cut-off [24-1] is granted. Defendant's motion to strike the affidavit of John B. Turcza [27-1] and bar him at trial [27-2] is granted. Defendant's motion for summary judgment [15-1] is granted as to Counts I, III and IV and denied as to Count III. The joint modified pretrial order shall be presented on September 6, 2002 at 9:00 a.m. The parties shall exchange plaintiff's draft on Count III and defendant's draft on the counterclaim by August 30, 2002. Bench trial is set on October 1, 2002 at 9:00 a.m. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | AUG 27 2002 | |
| ✓ | Notified counsel by telephone. 8/26/02 9:15 a.m. | | | date docketed | 29 |
| | Docketing to mail notices. | | | COY | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | CLERK | 8/26/02 | |
| | | | 02 AUG 26 PM 2:01 | date mailed notice | |
| CB | courtroom deputy's initials | | | PW | |
| | | | date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| AON RISK SERVICES, INC. OF ILLINOIS, | ) | | DOCKETED |
| | ) | | |
| Plaintiff, | ) | No. 01 C 7813 | AUG 2 7 2002 |
| | ) | | |
| v. | ) | Suzanne B. Conlon, Judge | |
| | ) | | |
| ALAN M. SHETZER, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

In this diversity action, Aon Risk Services, Inc. of Illinois ("Aon")[1] sues Alan M. Shetzer ("Shetzer") for breach of duty of loyalty (Count I), tortious interference with business relations (Count II) and unjust enrichment (Counts III and IV). Shetzer counterclaims for breach of contract. Shetzer moves for summary judgment on all counts of the complaint pursuant to Federal Rule of Civil Procedure 56. Shetzer also moves to bar Aon from offering the testimony of John B. Turcza as well as documents produced after the close of discovery pursuant to Federal Rule of Civil Procedure 37.

## BACKGROUND

I. **Defendant's Motion to Strike the Affidavit of John B. Turcza and Bar Him at Trial**

Evidence submitted at the summary judgment stage must be admissible at trial. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). Therefore, the court must first determine the

---

[1] Prior to December 1995, Aon was known as Rollins Hudig Hall of Illinois, Inc.

1



admissibility of the evidence presented by the parties before reaching the merits of Shetzer's summary judgment motion.

A.  **Motion to Bar Testimony**

In opposition to Shetzer's motion for summary judgment, Aon offers the affidavit of John B. Turcza ("Turcza") regarding Shetzer's compensation from 1998 through 2001. Shetzer moves to prevent Aon from offering Turcza's testimony based on the court's July 17, 2002 order. In that order, the court granted Shetzer's motion to compel discovery, but denied his request to extend the close of discovery:

> [Aon] is to produce those Aon employees listed in the parties' Rule 26 disclosures for deposition and disclose all relevant information and documents requested in [Shetzer's] discovery. Request to extend discovery cut-off is denied. The court will consider a preclusion order for any witness [Aon] fails to produce for deposition.

Motion to Strike, Ex. B. Shetzer listed Turcza as a witness in his Rule 26 disclosure. Although the court warned Aon of the possibility of sanctions for non-compliance, Aon did not produce Turcza for deposition prior to the close of discovery.

Federal Rule of Civil Procedure 16(f) provides:

> If a party or party's attorney fails to obey a scheduling or pretrial order... the judge, upon or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Fed. R. Civ. P. 16(f). Under Rule 37(b)(2)(B), the court may refuse "to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters into evidence." Fed. R. Civ. P. 37(b)(2)(B). Indeed,

> [w]hen one party fails to comply with a court's pre-hearing order without justifiable excuse, thus frustrating the purposes of the pre-hearing order, the court is certainly within its authority to prohibit that party from introducing witnesses or evidence as a sanction.

2

*Wollenberg v. Comtech Manufacturing Co.*, 201 F.3d 973, 978 (7th Cir. 2000), *quoting In re Maurice*, 21 F.3d 767, 773 (7th Cir. 1994).

According to Aon, "Aon produced two witnesses for their depositions on July 16, 2002, but could not make all of its witnesses available in the one day between the Court's order and the close of discovery." Response at 2. However, Aon fails to explain why it was unable to produce the witnesses listed in the parties' Rule 26 disclosures, including Turcza, during the three month period between Shetzer's first request for a deposition schedule and the original discovery cut-off date. In the parties' June 17, 2002 motion to extend the discovery cut-off date, Aon acknowledged that the parties "need[ed] to complete approximately five more depositions of Aon personnel." Nevertheless, Aon did not respond to Shetzer's requests for a deposition schedule until two weeks prior to the close of discovery, which had been extended for a month. Even then, Aon provided dates for only two employees listed in the parties' Rule 26 disclosures. Aon has not provided any justification for its failure to produce its employees for deposition during the seven month discovery period. Under these circumstances, a preclusion order is warranted. *See Parker v. Freightliner Corp.*, 940 F.2d 1019, 1024 (7th Cir. 1991)(Rule 37(b) sanctions provide the district court with an effective means of ensuring that litigants timely comply with discovery orders).

## A.   Motion to Strike Affidavit

In any event, the court cannot consider Turcza's affidavit in ruling on Shetzer's motion for summary judgment. *See Adsumilli v. City of Chicago*, 164 F.3d 353, 359 (7th Cir. 1998)(In ruling on a motion for summary judgment, "a court must not consider those parts of an affidavit that are insufficient under Rule 56(e)"). Under Rule 56(e), "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall

3

show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). *See also* Fed. R. Evid. 602 ("[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). In his affidavit, Turcza attests to Shetzer's compensation for 1998 through 2001, including revenue generated by Shetzer each year. However, Turcza fails to provide any basis for his knowledge. Absent any foundation, Turcza's affidavit cannot be considered.

## II. Facts

The following facts are undisputed unless otherwise noted. Aon provides commercial property and casualty insurance brokerage services to commercial clients. In May 1993, Aon hired Shetzer as vice president of its trucking team. In this position, Shetzer served as a broker, salesman and service representative. Aon subsequently gave Shetzer the title of senior vice president. Shetzer's job duties did not change. While senior vice president, Shetzer reported directly to William Prester.

Aon paid Shetzer 30% of the annual revenue he generated. In 1997, Aon proposed that Shetzer's annual compensation be 75% of the prior year's compensation with a final payment reconciling his salary to 30% of the annual revenue he generated. Shetzer agreed to the arrangement.

In late 2000, Aon announced a reorganization of its business. Around this time, Shetzer was working with Mark Watson of Aon UK to obtain an excess auto policy for Prime, Inc. ("Prime") at a cost of $4,850,000, comprised of a $4,500,000 premium and a $350,000 commission to Aon. On February 22, 2001, Watson informed Shetzer the premium was $4,800,000, rather than $4,500,000. As a result, Aon received only a $50,000 commission. Shetzer was paid on the original $350,000 commission, rather than the $50,000 commission.

In February 2001, The Hobbs Group ("Hobbs") contacted Shetzer about a job opportunity. In March 2001, Hobbs offered Shetzer a job. Shetzer conditionally accepted the position, but continued to negotiate job opportunities with other companies, including Aon. On April 17, 2001, Shetzer resigned from Aon to work at Hobbs. The next day, Shetzer sent the following e-mail:

> As most of you know we have been planning to leave Aon since the announcement of the companies [sic] reorganization.
>
> Effective tomorrow (4-18) we will be at the Hobbs Group, heading up Hobbs Transportation. Our new telephone number is 847-240-1606, 1-800-208-8204. [J]oining me will be Dan Morton, Ronna Larson, Mandi Rice and Denise Renolds.
>
> I look forward to working with everyone in the future.

Def. Facts, Ex. H. Of the 59 recipients of the e-mail, 45 were not Aon customers. Five of the 14 Aon customers who received the e-mail transferred their business to Hobbs.

After Shetzer tendered his resignation, Ronna Larson, Mandi Rice and Dan Morton resigned from Aon to work for Hobbs. According to Larson, Shetzer never discussed his plans to leave Aon with her. Rather, she asked Shetzer to include her in his future plans. Shetzer also never spoke with Rice about leaving Aon. Instead, Larson approached Rice about leaving Aon to be her assistant. Rice agreed.

Prior to Shetzer's resignation, Morton solicited Shetzer's advice regarding other job opportunities. Shetzer advised Morton not to leave Aon for the jobs he was considering. Nevertheless, Morton tendered his letter of resignation to Prester on April 12, 2001. Prester told Morton to rethink his decision and they would discuss it later. Around this time, Shetzer informed Morton he was negotiating with Aon for a separate trucking division, but had "contingency plans that [he] couldn't tell him about." Def. Facts at ¶ 39. Morton responded by telling Shetzer to "include

5

me in." *Id.* When Shetzer resigned, Prester asked Morton to rewrite his letter of resignation to reflect the current date.

## DISCUSSION

### I. Subject Matter Jurisdiction

The court has an independent duty to determine whether subject matter jurisdiction exists before deciding the merits of a case. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 279, 281 (7th Cir. 2001). Based on the insufficient pleadings, the court ordered the parties to file a jurisdictional statement clarifying the basis for diversity jurisdiction under 28 U.S.C. § 1332. According to the parties' jurisdictional statement, Aon is an Illinois corporation with its principle place of business in Schaumburg, Illinois. Shetzer is a citizen of California. Therefore, there is complete diversity.

In addition, the amount in controversy exceeds $75,000. If the amount in controversy is uncontested, the court must accept the parties' representation unless it "appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Target Market Publishing, Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1141-42 (7th Cir. 1998), *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). In Counts III and IV, Aon alleges Shetzer was overpaid $90,000 in 2000 and $120,000 in 2001, respectively. *See Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7th Cir. 1998)(plaintiff may aggregate damages for separate claims to meet jurisdictional minimum for complaint). In his counterclaim, Shetzer alleges Aon underpaid him by $247,974.38. *See By-Prod Corp., v. Armen-Berry Co.*, 668 F.2d 956, 961 (7th Cir. 1982)(counterclaim fulfilling diversity requirements provides independent basis for jurisdiction). Therefore, it does not appear to a legal certainty that the amount in controversy is less than $75,000.

## II.     Shetzer's Summary Judgment Motion

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### A.     Breach of Duty of Loyalty (Count I)

Aon claims Shetzer breached his duty of loyalty by soliciting Aon customers and employees to join him at Hobbs. Employees may compete with their former employers provided they did not commence demonstrable business activity before terminating their employment. *Dowell v. Bitner*, 273 Ill. App. 3d 681, 691, 652 N.E.2d 1372, 1379 (4th Dist. 1995). In contrast, corporate officers owe a fiduciary duty of loyalty to their employer not to: (1) actively exploit their positions within the corporation for their own personal benefit; or (2) hinder the ability of a corporation to continue the business for which it was developed. *Id.* Therefore, an officer's resignation does not sever liability for transactions completed after termination if the transactions: (1) began during the parties' relationship; or (2) were founded on information acquired during the parties' relationship. *Veco Corp. v. Babcock*, 243 Ill. App. 3d 153, 160-61, 611 N.E.2d 1054, 1059 (1st Dist. 1993). Shetzer claims Aon cannot prove he breached his duty of loyalty under the employee standard of liability.

7

Without discussion, Aon concludes Shetzer must be held to the higher officer standard based on his job title of senior vice president. In order to be considered an officer, Shetzer must have performed "significant managerial and supervisory responsibilities for the operation of the . . . office." *See Everen Securities, Inc. v. A.G. Edwards and Sons, Inc.*, 308 Ill. App. 3d 268, 276, 719 N.E.2d 312, 318 (3d Dist. 1999). In his Aon position, Shetzer did not supervise any employees. Shetzer Dep. at 6-7. Indeed, Aon does not dispute Shetzer performed the duties of an account broker, salesman and service representative. Pl. Resp. to Def. Facts at ¶ 6. Regardless of his title, Shetzer's actual job duties belie any claim he was an Aon officer. Therefore, Aon must prove Shetzer solicited Aon customers and employees prior to his resignation under the employee standard of liability.

In support of its claim, Aon relies on Shetzer's April 18, 2001 e-mail. In the e-mail, Shetzer states, "As most of you know we have been planning to leave Aon since the announcement of the companies [sic] reorganization." Def. Facts, Ex. H. Contrary to Aon's assertion, the e-mail does not state that Shetzer solicited Aon customers or employees prior to his resignation. At most, a reasonable factfinder could infer Shetzer discussed his future plans. Discussing future plans is not a breach of the duty of loyalty. *See Ellis & Marshall Assoc., Inc. v. Marshall*, 16 Ill. App. 3d 398, 400, 306 N.E.2d 712, 715 (1st Dist. 1973)(discussion of intent to leave company is not a breach of duty of loyalty).

Aon's reliance on Rice's testimony to establish Shetzer solicited Aon customers and employees prior to his resignation is similarly misplaced. According to Rice, Larson informed her of Shetzer's plans to leave Aon with several customers and employees. However, Rice's testimony, which is based solely on what Larson told her, is inadmissible hearsay and cannot be considered on

summary judgment. *See Eisenstadt v. Centel Corp.*, 113 F.3d 738, 741 (7th Cir. 1997)(hearsay evidence is inadmissible on summary judgment). Absent any evidence Shetzer engaged in demonstrable business activity prior to his resignation, Aon's claim for breach of duty of loyalty fails as a matter of law.

### B.    Tortious Interference with Business Relations (Count II)

Aon claims Shetzer interfered with its business relations by soliciting Aon customers and employees to join him at Hobbs. In order to prove tortious interference with business relations, Aon must prove: (1) existence of a valued business relationship or expectancy; (2) Shetzer's knowledge of the relationship or expectancy; (3) intentional interference with the relationship or expectancy; and (4) damages resulting from the interference. *Fellhauer v. City of Geneva*, 142 Ill.2d 495, 511, 568 N.E.2d 870, 877-78 (1991). Shetzer argues Aon cannot establish the third or fourth element of its tortious interference claim.

In support of its claim, Aon once again offers Shetzer's April 18, 2001 e-mail. Although it is undisputed several Aon customers and employees followed Shetzer to Hobbs, Shetzer's e-mail does not disclose any action taken by Shetzer to lure these customers and employees away. In any event, Aon fails to address the issue of damages. On this basis alone, Aon's claim for tortious interference with business relations fails. *Republic Tobacco, L.P. v. North Atlantic Trading Co., Inc.*, No. 98 C 4011, 2002 WL 531349, at *7 (N.D. Ill. April 9, 2002) (failure to show damages tied to claimed interference dooms claim for tortious interference with business relations).

### C.    Unjust Enrichment (Count III)

Aon claims Shetzer was unjustly enriched when he was overpaid $90,000 in 2000 on the Prime deal. In order to prove unjust enrichment, Aon must show: (1) Shetzer received a benefit; (2)

to Aon's detriment; and (3) Shetzer's retention of that benefit violates the fundamental principles of justice, equity and good conscience. *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill. 2d 145, 160, 545 N.E.2d 672, 679 (1989). Shetzer claims Aon cannot prove his retention of the $90,000 overpayment is unjust. Specifically, Shetzer argues his counterclaim entitles him to damages in excess of the $90,000 overpayment. Therefore, Count III cannot be decided until Shetzer's counterclaim is tried. Summary judgment on Count III is denied.

### D. Unjust Enrichment (Count IV)

Aon claims Shetzer was unjustly enriched when he was overpaid $135,000 for 2001. Specifically, Aon claims Shetzer was not entitled to any compensation prior to his April 17, 2001 resignation because he failed to earn any revenue in 2001. Aon's claim is based solely on the stricken Turcza affidavit. Absent any admissible evidence supporting Count IV, summary judgment on this count is appropriate.

## III. Shetzer's Motion to Bar Documents [Produced] After the Discovery Cut-Off

Finally, Shetzer moves to bar Aon from using documents produced after the close of discovery at trial pursuant to Rule 37. Rule 37(c)(1) provides:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). "The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

Approximately two weeks after discovery closed, Aon produced twenty documents containing information used to calculate Shetzer's compensation from 1997 through 2000. Aon

10

claims the late disclosure is harmless because Shetzer has time to take depositions before trial. However, all discovery was required to be completed before the extended discovery cut-off date of July 18, 2002. *See* Local Rule 16.1, Standing Order Establishing Pretrial Procedure, ¶ 4. Indeed, the court specifically ordered Aon to disclose all relevant information and documents requested in Shetzer's discovery by the close of discovery. Trial is now imminent. At this late stage of the proceedings, Aon's Rule 26(a) violation is not harmless.

## CONCLUSION

The affidavit of John B. Turcza is stricken. Shetzer is entitled to judgment as a matter of law on Counts I, II and IV. Shetzer's motion for summary judgment as to Count III is denied. Aon is barred from offering at trial the testimony of John B. Turcza, as well as documents produced after the close of discovery.

August 23, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge